UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NARRAGANSETT BAY INSURANCE       :
COMPANY, as subrogee of MARK AND :
HELEN KRAUSS,                    :
      Plaintiff,                 :
                                :
v.                               :   C.A. No.:  PC-2015-
                                :
MASTEC NETWORK SOLUTIONS, LLC,   :
and DIRECTV, LLC.                :
      Defendants.                :

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Narragansett Bay Insurance Company (NBIC), as subrogee of Mark and Helen Krauss, is a domestic for-profit corporation with a principal place of business located in Pawtucket, Rhode Island.

2. Upon information and belief, Defendant, MasTec Network Solutions, LLC (MasTec), is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business located at 800 South Douglas Road, Coral Gables, Florida.

3. Upon information and belief, Defendant, DirecTV, LLC (DirecTV), is a limited liability company organized and existing under the laws of the State of California with a principal place of business located at 2260 East Imperial Highway, El Segundo, California.

### JURISDICTION

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between NBIC and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### VENUE

5. Venue is appropriate in the United States District Court for the District of Rhode Island because the property damage which is the subject matter of this complaint occurred in South Kingstown, Rhode Island.

964718.1

## GENERAL ALLEGATIONS

6.     NBIC provided a homeowner's insurance policy or policies to Mark and Helen Krauss for certain real and personal property located at 187 Twin Peninsula Avenue, South Kingstown, Rhode Island.

7.     The policy or policies were in full force and effect between September 22, 2011, and July 14, 2013.

8.     At all relevant times, the Defendants, MasTec and DirecTV, were engaged in the business of advertising, marketing, installing, and servicing DirecTV's proprietary satellite television product and its component parts in Rhode Island.

9.     Defendants contracted, agreed, warranted, and were otherwise obligated to install, service, inspect, replace, and/or repair DirecTV's proprietary satellite television product and its component parts at the subject property including, but not limited to, a coaxial television cable.

10.    On or about September 22, 2011, Defendants, their agents, servants and employees, negligently and without due care performed services at the Krauss property, including, but not limited to negligently puncturing a pipe in the subject residence in the course of the installation of the aforementioned coaxial television cable.

11.    As a direct and proximate result of the Defendants' negligence, water damaged the Krauss residence, causing catastrophic real and personal property damage, all to the detriment of NBIC.

## COUNT I
## NEGLIGENCE v. MASTEC

12.    NBIC repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above, as if expressly rewritten and set forth herein.

13.    The aforementioned water loss and subsequent catastrophic real and personal property damage was proximately caused by the negligence and breaches of duties owed by MasTec, its agents, servants, employees, divisions and affiliates, including but not limited to the following:

   a. Failing to properly install the aforementioned coaxial television cable;
   b. Failing to property performed installation services;
   c. Failing to properly protect plumbing pipes from damage;
   d. Failing to properly hire, train, supervise, retain or monitor its agents, servants, affiliates, and/or divisions;
   e. Failing to properly service, maintain, or inspect the aforementioned coaxial television cable;
   f. Failing to identify or repair the leaking piping; and
   g. Otherwise failing to exercise reasonable care under the circumstances that existed.

WHEREFORE, NBIC demands judgment against MasTec in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just.

## COUNT II
## NEGLIGENCE v. DIRECTV

14. NBIC repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 13 above, as if expressly rewritten and set forth herein.

15. The aforementioned water loss and subsequent catastrophic real and personal property damage was proximately caused by the negligence and breaches of duties owed by DirecTV, its agents, servants, employees, divisions and affiliates, including but not limited to the following:

   a. Failing to properly install the aforementioned coaxial television cable;
   b. Failing to property performed installation services;
   c. Failing to properly protect plumbing pipes from damage;
   d. Failing to properly hire, train, supervise, retain or monitor its agents, servants, affiliates, and/or divisions;
   e. Failing to properly service, maintain, or inspect the aforementioned coaxial television cable;
   f. Failing to identify or repair the leaking piping; and
   g. Otherwise failing to exercise reasonable care under the circumstances that existed.

WHEREFORE, NBIC demands judgment against DirecTV in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just.

## COUNT III
## BREACH OF CONTRACT v. MASTEC

16. NBIC repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above, as if expressly rewritten and set forth herein.

17. Mark and Helen Krauss contracted with MasTec to install, service, inspect, replace, and/or repair DirecTV's proprietary satellite television product and its component parts at the subject property including, but not limited to, a coaxial television cable.

18. MasTec breached the terms of that contract by failing to install, service, inspect, replace, and/or repair DirecTV's proprietary satellite television product and its component parts at the subject property, including, but not limited to, a coaxial television cable.

964718.1

19.     The aforementioned breaches of the relevant contract caused water loss and subsequent catastrophic real and personal property damages to the subject property, all to the detriment of NBIC.

WHEREFORE, NBIC demands judgment against DirecTV in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just.

## COUNT IV
## BREACH OF CONTRACT v. DIRECTV

20.     NBIC repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above, as if expressly rewritten and set forth herein.

21.     Mark and Helen Krauss contracted with DirecTV to install, service, inspect, replace, and/or repair DirecTV's proprietary satellite television product and its component parts at the subject property including, but not limited to, a coaxial television cable.

22.     MasTec breached the terms of that contract by failing to install, service, inspect, replace, and/or repair DirecTV's proprietary satellite television product and its component parts at the subject property, including, but not limited to, a coaxial television cable.

23.     The aforementioned breaches of the relevant contract caused water loss and subsequent catastrophic real and personal property damages to the subject property, all to the detriment of NBIC.

WHEREFORE, NBIC demands judgment against DirecTV in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just.

## COUNT V
## NUISANCE v. MASTEC

24.     NBIC repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above, as if expressly rewritten and set forth herein.

25.     MasTec's actions and/or omissions at the subject property caused an unreasonable interference with both the Krauss' use and enjoyment of their property and the public right to pure water.

26.     MasTec knew or should have known that its actions and/or omissions at the subject property would unreasonably interfere with the Krauss' ownership, use, benefit, and enjoyment of the subject property and the public right to pure water.

27. As a direct and proximate result of MasTec's nuisance, the Krauss' have incurred costs and suffered damages, all to the detriment of NBIC.

WHEREFORE, NBIC demands judgment against MasTec in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just.

## COUNT VI
## NUISANCE v. DIRECTV

28. NBIC repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above, as if expressly rewritten and set forth herein.

29. DirecTV's actions and/or omissions at the subject property caused an unreasonable interference with both the Krauss' use and enjoyment of their property and the public right to pure water.

30. DirecTV knew or should have known that its actions and/or omissions at the subject property would unreasonably interfere with the Krauss' ownership, use, benefit, and enjoyment of the subject property and the public right to pure water.

31. As a direct and proximate result of DirecTV's nuisance, the Krauss' have incurred costs and suffered damages, all to the detriment of NBIC.

WHEREFORE, NBIC demands judgment against DirecTV in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just

## COUNT VII
## TRESPASS v. MASTEC

32. NBIC repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 31, as if expressly rewritten and set forth herein.

33. MasTec wrongfully caused and/or permitted the entry of raw sewage into the subject property and/or surrounding groundwater.

34. As a direct and proximate cause of MasTec's trespass, the Krauss' have incurred costs and suffered damages, all to the detriment of NBIC.

WHEREFORE, NBIC demands judgment against MasTec in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just

## COUNT VIII
## TRESPASS v. DIRECTV

35. NBIC repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 34, as if expressly rewritten and set forth herein.

36. DirecTV wrongfully caused and/or permitted the entry of raw sewage into the subject property and/or surrounding groundwater.

37. As a direct and proximate cause of DirecTV's trespass, the Krauss' have incurred costs and suffered damages, all to the detriment of NBIC.

WHEREFORE, NBIC demands judgment against DirecTV in an amount that will adequately compensate it for its losses and injuries together with an award of prejudgment interest, attorneys' fees, costs, and any such further relief that this Honorable Court deems equitable and just

**NBIC DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE.**

Respectfully submitted,
Plaintiff,
Narragansett Bay Insurance Company,
By its attorneys,


*/s/ Matthew P. Cardosi*_____
John A. Donovan III, Esq., #5707
Matthew P. Cardosi, Esq., #8824
Sloane and Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617)523-6010
mcardosi@sloanewalsh.com

Rhode Island Office:
652 George Washington Highway
Suite 302
Lincoln, RI 02865
(401)495-6796

Dated:  September 23, 2015